Dawn M. Bayne, State Bar #20368
Christen N. Carns, State Bar #26211
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Telephone: (602)256-6000
Facsimile: (602)252-4712
Email: dbayne@asbazlaw.com

Attorneys for David A. Birdsell
Chapter 7 Trustee/Plaintiff

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| REYNALDO VAZQUEZ-RUIZ, | Case No. 2-09-bk-18446-RTB |
| Debtor. | |
| DAVID A. BIRDSELL, CHAPTER 7 TRUSTEE, | Adv. No. 2-09-ap-01569-RTB |
| Plaintiff, | **COMPLAINT (PREFERENCE)** |
| vs. | |
| ANTONIO VAZQUEZ-RUIZ, | |
| Defendant. | |

As and for his complaint to recover transfer, Plaintiff, David A. Birdsell, Chapter 7 Trustee ("Trustee" or "Plaintiff"), states and alleges as follows:

1. The Plaintiff is the duly appointed and authorized Chapter 7 Trustee in this bankruptcy case.

2. Upon information and belief, Antonio Vazquez-Ruiz ("Defendant") is a resident of the State of Minnesota.

3. Upon information and belief, Defendant is the Debtor's father.

4. Upon information and belief, Defendant is not married. To the extent Defendant is married, all of the Defendant's acts complained of herein were taken on behalf of the Defendant's marital community, and the Defendant's marital community is liable to Plaintiff for

1 | any amount awarded pursuant to this complaint. The present identity of the Defendant's spouse
2 | is unknown; Plaintiff will seek leave to amend this Complaint upon learning the identity of
3 | Defendant's spouse.

5. Upon information and belief, the Defendant is an insider of the Debtor.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 544, 547, 548 and 550 and Bankruptcy Rules 7001, *et seq*.

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

9. On August 4, 2009, the Debtor, Reynaldo Vazquez-Ruiz ("Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Petition Date").

10. Prior to the Petition Date, the Debtor transferred $7,000.00 to the Defendant ("Transfer").

11. The Debtor had an interest in the property making up the Transfer.

12. The Defendant was a creditor of the Debtor at the time of the Transfer.

13. The Transfer was made for or on account of an antecedent debt owed by the Debtor.

14. The Debtor was insolvent at the time of the Transfer.

15. The Transfer was made to insiders of the Debtor within one year before the Petition Date.

16. The Transfer has enabled the Defendant to receive a greater return on his claim than they would otherwise receive in this Chapter 7 case.

17. Pursuant to 11 U.S.C. §§ 547(b) and 550, the Trustee may avoid and recover the Transfer from the Defendants.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant, individually and against any marital community:

   a.  Avoiding the Transfer;

///

| | | |
|---|---|---|
| 1 | b. | Directing Defendants, and any and all subsequent transferees of the Transfer, to return the Transfer to the Trustee for the benefit of the Debtor's bankruptcy estate; |
| 4 | c. | In the amount of $7,000.00, the value of the Transfer; |
| 5 | d. | Awarding Plaintiff's reasonable attorney's fees, which shall not exceed $1,000.00, if a default judgment is entered; |
| 7 | e. | Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $250.00, if a default judgment is entered; and |
| 9 | f. | For such other and further relief as this Court deems just and appropriate under the circumstances. |

DATED this 25th day of November, 2009.

**ALLEN, SALA & BAYNE, PLC**

*/s/ DMB #20368*
Dawn M. Bayne
Christen N. Carns
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Trustee David A. Birdsell